The prisoner was indicted at the Dumfries District Court, in October, 1791, for feloniously uttering and passing in payment a counterfeit dollar, knowing the same to be counterfeit and base; the indictment concluded “against the form of an act of the Convention of Delegates of Virginia in that case made and provided, and against the peace and dignity of the commonwealth.”
He was found guilty by the jury, and on his being brought up to receive the sentence of the court, he tendered the following reasons in arrest of judgment.
“1st. Because the crime with which he stands charged, and for which he is in-8 dieted, was made and declared *to be such by an ordinance of Convention, passed in May, 1776, entitled ‘An ordinance making it felony to counterfeit the continental paper currency and for other purposes therein mentioned.’ ”
“2d. Because the said ordinance was passed subsequent to the formation, and passing of the bill of rights of this commonwealth, and cannot have the force of a law of the legislature of this commonwealth.”
“3d. Because the said convention were not delegated, authorized and empowered by the good citizens of this commonwealth to legislate generally for them ; more especially, to make penal laws to affect the lives of the citizens of this commonwealth.”
“4th. That the said indictment is insufficient and wants form.”
The District Court considering the case a new one, with the consent of the prisoner adjourned it to the General Court. On the 19th November, 1791, that court consisting of Prentis, Tyler, Henry, and Roane, judges, decided “That the indictment against the prisoner is good and sufficient in law, and that the plea of the said prisoner in arrest of judgment on the jury’s verdict ought to be overruled.”
*Note. It had been previously decided that a conclusion “against the form of the act of Assembly,” where the offence was created by an ordinance of the Convention, was not good. The following is the case in which that point was determined.